IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

JASON RENOWDEN,

            Plaintiff,

vs.

CARLSON HOTELS MANAGEMENT CORPORATION
f/ka/ RADISSON HOTEL CORPORATION, RADISSON HOSPITALITY, INC.
f/k/a CARLSON HOTELS WORLDWIDE, INC.,
RADISSON HOTELS INTERNATIONAL, INC. f/k/a
CARLSON HOSPITALITY GROUP, INC., JOHN DOE #1,
JOHN DOE #2 and
JOHN DOE #3,

            Defendants.
_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Civil No.:

1.     Plaintiff brings this action under 28 USCA Section 1332 for damages arising from a slip and fall at a hotel owned, leased, operated or managed by one or all of the above captioned Defendants.

## JURISDICTION

2.     This Court has jurisdiction pursuant to 28 USCA Sections 1332.

## VENUE

3.     Venue is proper in the Western District of New York pursuant to 28 U.S.C. Section 1391 because plaintiff resides within this district where he suffers from and treats the injuries sustained by the negligence of the Defendants.

4.     Defendant, CARLSON HOTELS MANAGEMENT CORPORATION f/k/a RADISSON HOTEL CORPORATION, INC. ("CARLSON HOTELS MANAGEMENT") was

or is a New Jersey corporation with its principal office in Minnesota and a registered agent address in the State of New York in care of their registered agent, Corporation Service Company, 80 State Street, Albany, New York.

5. At all time relevant, Defendant, CARLSON HOTELS MANAGEMENT conducts business in the State of North Carolina and specifically in the City of Charlotte therein where it owned, operated, leased or managed a hotel known as the Radisson Hotel Charlotte Airport.

6. Defendant, RADISSON HOSPITALITY, INC. f/k/a CARLSON HOTELS WORLDWIDE, INC. ("RADISSON HOSPITALITY") was or is a Minnesota corporation with a registered agent address at Corporation Service Company, 80 State Steet, Albany, New York.

7. At all time relevant, Defendant, RADISSON HOSPITALITY conducts business in the State of North Carolina and specifically in the City of Charlotte therein where it owned, operated, leased or managed a hotel known as the Radisson Hotel Charlotte Airport.

8. RADISSON HOTELS INTERNATIONAL, INC. f/k/a CARLSON HOSPITALITY GROUP, INC. ("RADISSON HOTELS")was or is a New Jersey corporation with its principal office in Minnesota and a registered agent address at Corporation Service Company, 80 State Steet, Albany, New York.

9. At all time relevant, Defendant, RADISSON HOTELS conducts business in the State of North Carolina and specifically in the City of Charlotte therein where it owned, operated, leased or managed a hotel known as the Radisson Hotel Charlotte Airport.

10. JOHN DOE #1 was or is a business entity organized under the laws of a State in the United States with a registered agent in the State of New York and conducts business in the

State of North Carolina.

11. At all time relevant, Defendant, JOHN DOE #1 conducts business in the State of North Carolina and specifically in the City of Charlotte therein where it owned, operated, leased or managed a hotel known as the Radisson Hotel Charlotte Airport.

12. JOHN DOE #2 was or is a business entity organized under the laws of a State in the United States with a registered agent in the State of New York and conducts business in the State of North Carolina.

13. At all time relevant, Defendant, JOHN DOE #2 conducts business in the State of North Carolina and specifically in the City of Charlotte therein where it owned, operated, leased or managed a hotel known as the Radisson Hotel Charlotte Airport.

14. JOHN DOE #3 was or is a business entity organized under the laws of a State in the United States with a registered agent in the State of New York and conducts business in the State of North Carolina.

15. At all time relevant, Defendant, JOHN DOE #3 conducts business in the State of North Carolina and specifically in the City of Charlotte therein where it owned, operated, leased or managed a hotel known as the Radisson Hotel Charlotte Airport.

16. At all relevant times, plaintiff JASON RENOWDEN (the "Plaintiff") is a United States citizen and a resident of the State of New York, County of Erie who has been injured by the acts and practices described herein.

17. On October 26, 2015, the Plaintiff was a guest at the Radisson Hotel Charlotte Airport when he was caused to slip and fall in the shower as a result of the shower area not

having a non-slip surface or a suitable device like a mat that provided a non-slip resistant surface to prevent falls all due to the negligence and carelessness of the Defendants and others, causing certain severe, permanent and painful injuries to the Plaintiff.

18. Upon information and belief, the negligence and carelessness of each of the either individually or jointly, were improper, inadequate, design, creation, construction, maintenance, repair and upkeep of the said shower and surrounding area, improper warnings in said area; failure to properly and adequately guard and secure against such conditions on in said shower; creating, causing or allowing the condition to exist by improper maintenance, repair, cleaning; and failing to properly and adequately comply with applicable codes and statutes and rules.

19. Upon information and belief, the Defendants either jointly or severally had prior and actual written notice of the defects and conditions stated above or knew or should have known about the defects and conditions stated above upon exercising reasonable care, which are proximate causes of the Plaintiff's accident and such injuries and they failed to correct such condition that in fact they were affirmatively negligent in causing and contributing to the said conditions and moreover the defendants, caused and/or created and/or aggravated said defects.

21. The Plaintiff was at all times using due care.

22. The action falls within one or more of the exceptions set forth in CPLR Section 1602.

23. That by reason of the premises, the Plaintiff suffered certain severe, permanent, and painful injuries, internal as well as external, by reason of which he will be compelled to expend large sums of money for medical bills and that plaintiff has been and will be incapacitated from performing his usual duties for a long period of time.3017 ( c).

benefits.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

a. Awarding Plaintiff compensatory damages in the amount of $5,000,000.00;

b.. Awarding Plaintiff such other and further legal and equitable relief as may be appropriate in the interest of justice.

DATED:   October 25, 2018
         Buffalo, New York

**PAUL WILLIAM BELTZ, P.C.**

By: /s/ Philipp L. Rimmler
Philipp L. Rimmler, Esq.
Attorneys for the Plaintiff
36 Church Street
Buffalo, New York 14202
(716) 852-1000 (tel)
plrimmler@paulbeltz.com