UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

Jason Renowden,

                                    Plaintiff,

         v.

Carlson Hotels Management Corporation et al.,

                                  Defendants.

**Decision and Order**

18-CV-1179W

———————————————————————

        Plaintiff Jason Renowden filed a complaint on October 25, 2018 alleging injury while staying at the Radisson Hotel Charlotte Airport in Charlotte, North Carolina. (Dkt. No. 1.) Specifically, plaintiff alleges that, on October 26, 2015, he slipped and fell in his hotel room's shower because the shower lacked a slip-resistant mat or surface. Plaintiff seeks $5 million in compensatory damages.

        District Judge Elizabeth Wolford has referred this case to this Court under 28 U.S.C. § 636(b). (Dkt. No. 7.) While reviewing the docket to prepare for initial scheduling, the Court became concerned about improper venue:

> According to the complaint, plaintiff lives in this District. The complaint uses plaintiff's domicile as the exclusive basis for venue here. (Dkt. No. 1 at 1.) However, "it is absolutely clear that Congress did not intend to provide for venue at the residence of the plaintiff." *Leroy v. Great W. United Corp.*, 443 U.S. 173, 185 (1979); *accord, e.g., Crotona 1967 Corp. v. Vidu Bro. Corp.*, No. 09 CIV 10627, 2010 WL 5299866, at *1 (S.D.N.Y. Dec. 21, 2010) ("However, the actions of the plaintiff, which could be construed as an effort to create venue, are simply not an appropriate consideration. The purpose of venue is ordinarily to protect the *defendant* from unfairness or inconvenience."). Venue under 28 U.S.C. § 1391(b) thus is impossible based on plaintiff's domicile. Plaintiff in the complaint proceeds to assert that some corporate defendants have registered with the Department of State in New York. (*Id.* at 2.) None of these corporate defendants is incorporated in New York or has a principal place of business in New York. Plaintiff also names some John Doe corporate defendants who might be registered in New York but whose connections to New York are unclear and who appear to be the local managers of the Radisson Hotel Charlotte Airport. (*Id.* at 3.) Venue under Section 1391(b)(1) thus seems questionable. Meanwhile, every event alleged in the complaint occurred in Charlotte, virtually guaranteeing that all relevant evidence and witnesses are either in Charlotte

> or in corporate headquarters not located in New York. From the face of the
> complaint, nothing whatsoever connected to this case will be found in New York,
> making venue under Section 1391(b)(2) unlikely. Since Charlotte has a federal
> courthouse and lies in the Western District of North Carolina, venue under Section
> 1391(b)(3) appears unlikely.

(Dkt. No. 13 at 1–2.)

The Court accordingly gave the parties a chance to address whether it should transfer the case to the Western District of North Carolina. Defendants do not oppose a transfer. (Dkt. No. 14.) Plaintiff opposes a transfer for practical reasons. (Dkt. No. 15.) Plaintiff has not cited any authority that would override Section 1391(b) and anchor the venue for the case where he resides. Rather, plaintiff relies on the extent of his injuries and the medical burdens that he will face if he has to travel to Charlotte for key events:

> The real burden of transferring venue will be on the plaintiff, JASON
> RENOWDEN. His injuries, in particular the brain injuries he sustained, which are
> permanent and progressive limit his ability to travel. The burden of traveling is just
> one factor. With the exception of some initial medical treatment, plaintiff, JASON
> RENOWDEN, has received his medical treatment in Western New York. His
> doctors are local and the burden of them having to testify out of town is significant.
> While deposition testimony could be local, trial testimony should be live and to ask
> treating doctors to leave their busy practices is a major burden. The plaintiff's
> doctors are treating doctor's and not expert witnesses who are used to traveling.
> Video testimony is feasible but it is a poor substitute for live testimony, especially
> given the serious injuries sustained by the plaintiff.
>
> As to the trial, the jurors are not going to visit the scene of the incident but
> will rely on photographs. The plaintiff has photographs of the scene of the incident
> and of course, the defense will more than likely have photographs as well. In essence,
> what is the burden to the defense and if there is a burden to them, it is far
> outweighed by the burden to the plaintiff.

(*Id.* at 3.)

The Court understands that plaintiff might face logistical problems in Charlotte. Nonetheless, and after hearing from the parties, the prior concern about venue still holds. Plaintiff has not offered any authority suggesting that he can select a venue based on where he currently is

2

receiving medical treatment.  *Cf. Wisland v. Admiral Bev. Corp.*, 119 F.3d 733, 736 (8th Cir. 1997) ("Wisland claims that venue was proper under (a)(2), however, because a substantial part of the events giving rise to her damage claims occurred in Wisconsin where she received the majority of her medical treatment.  She cites no authority for this proposition, and the events giving rise to her action involve the alleged negligence of the defendants in South Dakota, not the nature of her medical treatment in Wisconsin.") (citations omitted); *accord Rodriguez-Torres v. Am. Airlines Corp.*, 8 F. Supp. 2d 150, 151 (D.P.R. 1998) ("The entire occurrence from which this action arises took place on the escalator at Miami International Airport.  The fact that Plaintiffs might have received medical treatment for their injuries in Puerto Rico does not render Puerto Rico a proper venue for the action—that medical treatment is not part the events or omissions giving rise to the claim.") (citation omitted).  Under the circumstances, transfer is appropriate under 28 U.S.C. § 1406(a).

## CONCLUSION

The Court directs the Clerk of the Court to take the steps necessary to transfer this case to the Western District of North Carolina, under 28 U.S.C. § 1406(a).

SO ORDERED.

                                                        __/s Hugh B. Scott_____
                                                         Hon. Hugh B. Scott
                                                         United States Magistrate Judge

DATED: April 17, 2019